JACK D. CAMPBELL
Attorney at Law
Nevada State Bar #4938
4790 Caughlin Parkway, #420
Reno, NV 89519
(775) 219-6699
*Attorney for Plaintiff Michael S. Browett*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL S. BROWETT<br><br>          Plaintiff,<br><br>vs.<br><br><br>CITY OF RENO, a municipal corporation organized and existing under the laws of the State of Nevada, and DOES 1 through 20, inclusive,<br><br>          Defendants.<br>_____ / | CASE NO.:   3: 16-cv-181 |

## COMPLAINT
## JURY DEMAND

Plaintiff MICHAEL S. BROWETT, by and through his attorney, Jack D Campbell, Attorney at Law, alleges and complains as follows for his claims against Defendant CITY OF RENO and DOES 1 through 20:

## **NATURE OF ACTION**

BROWETT alleges that CITY OF RENO interfered with his exercising the rights established by The Family and Medical Leave Act of 1993 (FMLA), 29 C.F.R. §825.100, *et seq.* by breaching his confidentiality, retaliating against him, subjecting him to adverse employment actions, and restraining his exercising his FMLA rights in violation of 29 U.S.C. §2601, *et seq.*

///

///

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 because this matter involves a federal question. This matter is brought pursuant to 29 U.S.C. §2617 of The Family Leave Act 29 U.S.C. §§2601-2654. This Court also has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this District in accordance with 28 U.S.C. §1391(b) because CITY OF RENO is a municipal corporation formed and governed by Nevada law and a resident of Washoe County, Nevada. In addition, all material acts complained of herein occurred within this District in Washoe County, Nevada.

## PARTIES

3. BROWETT was and is a citizen of the United States residing in Washoe County, Nevada, and at all times relevant herein, was and is currently an employee of Defendant CITY OF RENO.

4. BROWETT is an "Eligible Employee" as defined by 29 U.S.C. §2611(2)(a) because he had been continuously employed by CITY OF RENO as a full time employee since 2005 and had been employed for more than 1,250 hours of service during the 12 months prior to the acts complained of herein and the filing of this Complaint.

5. CITY OF RENO was and is a municipal corporation formed and governed by the laws of Nevada and is a resident of Washoe County, Nevada.

6. CITY OF RENO was and is an "Employer" as defined by 29 U.S.C. §2611(4)(A), and a "Public Agency" as defined in 29 U.S.C. §2611(4)(A)(iii).

7. At all times relevant herein, individual members, elected officials, appointees, agents, employees, servants, and/ or joint venturers of CITY OF RENO acting within the course and scope of their employment or agency engaged in acts in violation of the FMLA, United States Constitution, Federal law, state law, and/or common law as alleged herein and legally and proximately caused some or all of the damages identified herein. BROWETT is currently ignorant of the true identities of these Parties, and therefore, sues these Defendants by fictitious names DOES 1 through 20. BROWETT will amend this Complaint to allege the true names, acts, and capacities of these Defendants as soon as they are ascertained.

Jack D Campbell
*Attorney at Law*
4790 Caughlin Parkway #420
Reno, NV 89519

8. CITY OF RENO participated, directed, approved, ratified, and condoned the acts complained of herein, and therefore is liable for all acts of its individual members, elected officials, appointees, agents, employees, and servants, through *respondeat superior,* agency, or as joint venturers.

## FACTUAL ALLEGATIONS

9. BROWETT began his career as a Reno Police Officer when he was hired as a Police Cadet by CITY OF RENO on September 2, 2005.

10. On January 9, 2006, BROWETT graduated as Valedictorian from the Northern Nevada Law Enforcement Academy and began his one year probationary period as a Police Officer for CITY OF RENO on January 13, 2006.

11. On January 13, 2007, BROWETT completed his probation and was confirmed as a Police Officer for CITY OF RENO.

12. One year later on January 17, 2008, the CITY OF RENO Police Department (RPD) selected BROWETT to serve as a Police Training Officer (PTO). As a PTO, BROWETT's duty was to provide immediate supervision to newly graduated police cadets who are in their probationary period as a Reno Police Officer.

13. On June 17, 2011, BROWETT was promoted to the rank of Sergeant with RPD. Per RPD policy, this promotion had a probationary period of one year. After successfully completing his probationary period, BROWETT was confirmed as a Sergeant with RPD on June 17, 2012.

14. On February 22, 2013, BROWETT was selected by RPD to serve as a Police Training Sergeant (PTS). As a PTS, BROWETT's duty was to serve as a first line supervisor by directly supervising, mentoring, and training newly promoted Sergeants during their probationary period as well as supervising RPD's PTOs and the PTO Training teams.

15. Throughout his career at RPD, BROWETT has consistently received performance evaluations showing that his performance is rated to meet or exceed all applicable RPD standards.

///

16. On June 13, 2014 BROWETT is nominated by peer officers and selected by RPD as Sergeant of the Bid, Spring of 2014 "for his operational mentorship and administrative prowess."

17. On March 11, 2015 BROWETT received notification from the Reno Civil Service Commission congratulating him on passing the examination process for the position of Police Lieutenant with a grade of 90.38% and ranking him No. 1 among the candidates.

18. On April 7, 2015, BROWETT celebrated the birth of his son and second child.

19. Prior to the birth of his son, BROWETT had discussed with his direct supervisors Lieutenant Newman and Lieutenant Larson his need to take a period of sick time to care for his wife, newborn son, and 2 ½ year old daughter.  BROWETT advised Lieutenants Newman and Larson that medical reasons involving his wife necessitated this time off.

20. On April 7, 2015 because BROWETT had sufficient accrued sick leave for the period, and in accordance with RPD policy and practice, Lt. Newman or Lt. Larson entered several weeks of sick time for BROWETT into RPD's employee timecard management system.

21. On April 8, 2015, RPD Payroll Clerk, Lori Heidenreich sent email correspondence to BROWETT requesting an explanation for the sick time stating that if it was to care for a sick child or wife, then sick time would be appropriate, but if BROWETT's reason for taking sick leave was for "bonding with your new baby" then he would have to use vacation time instead of sick leave.

22. That same day, BROWETT responded to Heindenreich's email advising her that her request was an invasion of his privacy and a violation of the Collective Bargaining Agreement (CBA) with CITY OF RENO.

23. After sending his response to Heindenreich, BROWETT spoke with RPD Deputy Chief Venzon to discuss the incident.  Deputy Chief Venzon advised BROWETT that the issue was with the CITY OF RENO and not RPD.  He further informed BROWETT that other members of RPD had similar problems with the CITY OF RENO, and that if he fought with the CITY OF RENO over his use of sick time to care for his family, he would not suffer any consequences at RPD.

///

24. On April 10, 2015, through an exchange of emails, Heindenreich explained that she was just trying to inform BROWETT about CITY OF RENO's "position on paternity leave as it relates to the use of sick leave versus vacation." BROWETT responded and confirmed that he was not taking "paternity leave."

25. On April 20, 2015, BROWETT spoke with Lt. Newman to advise her that in addition to the medical conditions that necessitated his use of sick leave to care for his wife and family, his wife was now suffering a life threatening complication from the pregnancy and birth.

26. On May 5, 2015, BROWETT calls Deputy Chief Venzon to discuss his wife's medical condition and the necessity for his continued sick leave. Deputy Chief Venzon requests letters from his wife's doctors verifying the need for BROWETT's care.

27. Following that same day and in accordance with the provisions of the CBA, BROWETT emails letters from two of his wife's health care providers to Deputy Chief Venzon advising the need for BROWETT to care for his wife and newborn child for a period of up to 12 weeks following the birth. Both letters specifically state that the time is not "bonding time" but is essential for the health and well-being of the mother and child.

28. On May 6, 2015, CITY OF RENO sends correspondence to BROWETT indicating that it has designated his time off as FMLA leave and incorrectly stating that because it is being used for the birth of his child, accrued sick leave is not available for use, and the time will be docked from his vacation or other leave time.

29. On May 11, 2015, after receipt of CITY OF RENO's May 6th correspondence, BROWETT emails Marlene Chapel of CITY OF RENO's Human Resources Department objecting to CITY's designation of the leave as FMLA and advising that he was using accrued sick leave in accordance with the CBA. BROWETT advises Ms. Chapel that her assumption that the leave was for "bonding with his new baby" was incorrect and then briefly explains the seriousness of his wife's medical condition. BROWETT further explains that because he has sufficient sick leave accrued for this need, he does not want to use FMLA time in case his wife's condition necessitates future need for him to take unpaid FMLA time off later in the year.

///

///

Jack D Campbell
*Attorney at Law*
4790 Caughlin Parkway #420
Reno, NV 89519

30. On May 12, 2015, Ms. Chapel sends a reply email to BROWETT advising that CITY OF RENO was still going to designate the time off as FMLA leave, but has decided that he was eligible to use sick leave.

31. On May 28, 2015, RPD advises BROWETT that he will be interviewed for promotion to Lieutenant on June 2, 2015.

32. On June 2, 2015, the interview takes place as scheduled and BROWETT is interviewed by Acting Police Chief Jason Soto and members of his Command Staff. During this interview, BROWETT is questioned about his use of FMLA leave and criticized about how it was handled.

33. On June 11, 2015 RPD advises BROWETT that he was going to be "passed over" and not promoted to Lieutenant to fill one of three positions currently open. He was "passed over" even though he was ranked No. 1 on the promotion list and two open positions were filled by candidates ranked lower on the promotion list.

34. During the June 11, 2015 meeting, BROWETT was advised by RPD Command Staff the "way he went about" exercising his FMLA rights was an issue in the decision not to promote him.

35. On July 20, 2015, BROWETT participated in a second promotional interview with the Command Staff of RPD. BROWETT's use of FMLA leave was again discussed during the interview.

36. On July 21, 2015, RPD Chief Soto advised BROWETT that he was again denying BROWETT's promotion to Lieutenant.

37. On August 24, 2015, BROWETT was ordered by RPD to participate in a third promotional interview.

38. On September 25, 2015, BROWETT was denied his promotion to Lieutenant for the third time.

///

///

///

# FIRST CAUSE OF ACTION

### (Interference and Restrain of FMLA rights 29 U.S.C. §2615)

39. BROWETT re-alleges and incorporates all allegations made in Paragraphs 1 through 38, above, as if stated here in verbatim.

40. BROWETT's request for sick leave was in accordance with RPD policy and Article 10 of the Collective Bargaining Agreement between CITY OF RENO and BROWETT's labor union, Reno Police Supervisory Unit.

41. CITY OF RENO discriminated against BROWETT in violation of 29 C.F.R. §825.207 and 29 C.F.R. §825.700 in the administration of its paid leave policy when it demanded information and denied his request to use accrued sick leave.

42. CITY OF RENO interfered with and restrained BROWETT's exercising his right guaranteed by 29 U.S.C. §2612 when it designated the sick leave requested by BROWETT as FMLA leave over BROWETT's objections and request to preserve the entire 12 weeks of leave allowed under the FMLA in case his wife's medical condition necessitated his use of unpaid leave later in the year.

43. CITY OF RENO interfered with and restrained BROWETT's exercising his FMLA rights when it's Human Resources Department released and discussed confidential and protected information concerning the administration of BROWETT's FMLA leave with a member or members of RPD.

44. CITY OF RENO interfered and restrained BROWETT's exercising his FMLA rights when members of RPD's Command Staff interjected BROWETT's FMLA leave into the promotion interviews and made it a factor in denying his promotions to Lieutenant.

45. CITY OF RENO's acts of "passing over" and denying BROWETT's promotion to Lieutenant were adverse employment actions prohibited by 29 U.S.C. §2615.

46. As a direct and proximate result of CITY OF RENO's numerous violations of 29 CFR §825.100 *et seq.,* and 29 U.S.C. §2615, BROWETT has elected to hire an attorney and proceed with this action in accordance with 29 U.S.C. §2617.

///

Jack D Campbell
*Attorney at Law*
4790 Caughlin Parkway #420
Reno, NV 89519

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff MICHAEL BROWETT prays for judgment against Defendants as follows:

1. For damages equal to all past wages, salary, employment benefits, and seniority, denied and lost as a result of CITY OF RENO's acts alleged herein (29 U.S.C. §2617(a)(1)(A)(i);

2. For damages equal to all future wages, salary, employment benefits, seniority, and promotions denied or lost as a result of CITY OF RENO's acts alleged herein (29 U.S.C. §2617(a)(1)(A)(i);

3. For interest on all damages awarded (29 U.S.C. §2617(a)(1)(A)(ii);

4. For an award of liquidated damages (29 U.S.C. §2617(a)(1)(A)(iii);

5. For equitable relief as may be appropriate (29 U.S.C. §2617(a)(1)(B);

6. For an award of attorney's fees, witness fees, and other costs (29 U.S.C. §2617(a)(3);

7. For any additional or further relief as may be just and proper.

## CERTIFICATION

The undersigned counsel certifies that this document does not contain any social security numbers or other personal identifying information.

DATED this  30th  day of March, 2016.

By:  /s/ Jack D Campbell
JACK D. CAMPBELL
Nevada State Bar #4938
4790 Caughlin Parkway #420
Reno, Nevada 89519
*Attorney for Plaintiff*