1  JACK D. CAMPBELL
   Attorney at Law
   Nevada State Bar #4938
2  4790 Caughlin Parkway, #420
3  Reno, NV 89519
   (775) 219-6699
4  *Attorney for Plaintiff*

5                 UNITED STATES DISTRICT COURT

6                      DISTRICT OF NEVADA
7
8  MICHAEL S. BROWETT

9            Plaintiff,              CASE NO.: 3:16-cv-00181-RCJ-WGC
   vs.
10
11                                   **CASE MANAGEMENT ORDER**
   THE CITY OF RENO, a municipality
12 organized and existing under the laws of the
   State of Nevada, and DOES 1 through 20,
13 inclusive,
14
             Defendants.
15
                                       /
16 _____

17            **JOINT CASE MANAGEMENT REPORT**

18        Plaintiff Michael S. BROWETT and Defendant CITY OF RENO, by and through their

19 undersigned counsel, hereby submit their first Joint Case Management Report in accordance with

20 this Court's Minute Order filed on April 26, 2016 (Doc. # 7).

21        **1.      Nature of the case:**

22        This case involves allegations of interference with Plaintiff's FMLA rights established by

23 29 C.F.R. §825.100, *et seq*.  BROWETT alleges that CITY OF RENO improperly interjected

24 elements of his FMLA leave into the promotion interview process and then used his FMLA leave

25 as a negative factor in denying his promotion to Lieutenant with the Reno Police Department in

26 violation of 29 U.S.C. § 2601, *et seq.*

27 ///

28 ///

**Jack D Campbell**
*Attorney at Law*
*4790 Caughlin*
*Parkway, #420*
*Reno, NV 89519*

-1-

1

2

3

**2.      Factual and legal disputes:**

CITY OF RENO generally denies all material allegations and claims that it had

legitimate business reasons for denying BROWETT the promotion.

4

5

6

7

**3.      Jurisdiction:**

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 because this matter

involves a federal question.  This matter is brought pursuant to 29 U.S.C. §2617 of The Family

Leave Act 29 U.S.C. §§2601-2654.  This Court also has supplemental jurisdiction over any state

law claims pursuant to 28 U.S.C. §1367(a).

8

9

10

11

12

13

It is the CITY OF RENO's position that the Family Medical Leave Act (FMLA) does not

provide a private federal cause of action for an alleged discriminatory violation of an employer's

benefit plan.  Plaintiff cannot recover damages under FMLA, 29 C.F.R. §825.700, for alleged

discrimination in the administration of the City of Reno's paid leave policy because a private

contractual agreement does not provide federal courts with jurisdiction.

14

15

16

It is CITY OF RENO's further position that Plaintiff's claim for interference damages in

paragraph 42 of the complaint is not justiciable or ripe for adjudication and the court is without

jurisdiction to hear the claim.

17

18

**4.      Additional Parties:**

None identified at this time.

19

20

21

**5.      Statement of expected additional parties or amended pleadings:**

Neither Party currently expects to add any additional party or to file an amended

pleading.

22

23

**6.      Pending Motions:**

None.

24

25

26

**7.      Contemplated Motions:**

CITY OF RENO reserves the right to file a Fed. R. Civ. P. Rule 56 motion for summary

judgment upon the conclusion of discovery.

27

28

**8.      Related Cases:**

None.

**Jack D Campbell**
*Attorney at Law*
*4790 Caughlin*
*Parkway, #420*
*Reno, NV 89519*

-2-

**9.     Discovery:**

  **a.     Extent, nature and location of discovery:**

All discovery is currently anticipated to be accomplished locally.  It is currently believed that all relevant documents are maintained and in the possession of CITY OF RENO, and all anticipated witnesses are either current or former employees of CITY OF RENO.  Plaintiff's expert consultants and witnesses are all residents of this jurisdiction.

  **b.     Suggested revisions to discovery limitations:**

None.

  c.     **Deposition time limits:**

The Parties do not currently anticipate the need for any limits on the time to depose any witness and do not expect any deposition to exceed the current prescription of 7 hours.

**10.     Electronically stored information:**

The majority of documents identified for discovery are believed to be electronically stored by CITY OF RENO, and the Parties do not currently anticipate any difficulties in identifying and producing those records.

**11.     Issues of privilege or work product:**

The Parties are currently negotiating the elements of a Stipulated Protective Order that will address anticipated issues of privilege and work product involved with the anticipated discovery in this matter.  Once agreed upon, the Stipulated Protective Order will be submitted to the Court for consideration.

**12.     Discovery Plan and Scheduling Order:**

Concurrent with this Case Management Report, the Parties have submitted a Stipulated Discovery Plan and Scheduling Order for the Court's approval.

**13.     Proposed Scheduling Order Dates:**

  **a.     Discovery Cutoff:**       October 19, 2016

  **b.     Deadline to Amend Pleadings and Add Parties:** July 21, 2016

  **c.     Expert Disclosures:**       August 19, 2016

    **Rebuttal Expert Disclosures:**    September 19, 2016

 1    **d.** **Deadline for Dispositive Motions:** November 18, 2016

 2    **6.** **Filing of Pretrial Order:** December 19, 2016

 3  THE DEADLINES SUBMITTED HEREIN ARE IN COMPLIANCE WITH LR 26-1(e).

 4    **14.** **Jury trial requested:**

 5  Yes.  But it is the CITY OF RENO's position that Plaintiff's prayer for equitable relief

 6  should not be determined by a jury.

 7    **15.** **Estimated length of trial:**

 8  Four Days.

 9    **16.** **Settlement:**

10  The Parties' undersigned counsel hereby certify that they met at the Rule 26(f)

11  Conference, discussed the possibility of settlement, and agreed that settlement is currently not

12  possible.

13    **17.** **Other matters to aid the Court:**

14  None at this time.

15

16  DATED this ___9th___ day of May, 2016.

17

18  By: /s/ William E Cooper          By: /s/ Jack D Campbell
       WILLIAM E. COOPER                JACK D. CAMPBELL
19     Deputy City Attorney             Attorney at Law
       Nevada State Bar # 2213          Nevada State Bar #4938
20     P.O. Box 1900                    4790 Caughlin Parkway, #420
       Reno, Nevada 89509               Reno, Nevada 89519
21     *Attorney for Defendant*         *Attorney for Plaintiff*

22

23

24

     **IT IS SO ORDERED**
25

26  Dated this 16th day of May, 2016.

27                                          _____
                                            William G. Cobb
28                                          United States Magistrate Judge

**Jack D Campbell**
*Attorney at Law*
*4790 Caughlin*
*Parkway, #420*
*Reno, NV 89519*
                                        -4-

1

**CERTIFICATE OF SERVICE**

2          Pursuant to FRCP 5(b), I certify that I am an employee of Jack D Campbell,

3    Attorney at Law, and that on this date, I am serving the foregoing document(s) on the

4    party(s) set forth below by:

5    _____    Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices.

6

7    _____    Personal delivery.

8      X       CM/ECF electronic filing service

9    _____    Facsimile (FAX).

10

11   _____    Federal Express or other overnight delivery.

12   _____    Reno/Carson Messenger Service.

13

14   addressed as follows:

15   CITY OF RENO
     1 E. 1st Street, 15th Floor
16   Reno, NV 89501

17

18          DATED this __9th__ day of March, 2016.

19

20                                          ___/s/ Jack D Campbell_____
                                            JACK D CAMPBELL
21                                          Jack D Campbell, Attorney at Law

22

23

24

25

26

27

28

**Jack D Campbell**
*Attorney at Law*
*4790 Caughlin*
*Parkway, #420*
*Reno, NV 89519*

-5-