JACK D. CAMPBELL
Attorney at Law
Nevada State Bar #4938
4790 Caughlin Parkway, #420
Reno, NV 89519
(775) 219-6699
*jackdcampbell@sbcglobal.net*
*Attorney for Plaintiff BROWETT*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL S. BROWETT

            Plaintiff,            CASE NO.: 3:16-cv-00181-RCJ-WGC

vs.

THE CITY OF RENO, a municipality
organized and existing under the laws of the
State of Nevada, and DOES 1 through 20,
inclusive,

            Defendants.

_____/

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM CERTIFICATION

    The undersigned counsel certifies that a good faith attempt was made to meet and confer with CITY OF RENO'S counsel to produce a packet of agreed upon proposed jury instructions.

    Following the Calendar Call on February 13, 2015, Counsel for the parties exchanged written packets of proposed jury instructions and agreed to meet at 9:00 am the following day to discuss and agree upon a joint packet of proposed jury instructions.

    When Counsel met, CITY OF RENO Counsel admitted that his packet of instructions needed substantial editing and revision. He stated he would provide Plaintiff's Counsel with the revised packet on the following day, Thursday, February 15, 2015. Plaintiff's Counsel left a complete packet of his proposed instructions with Defendant's Counsel.

1    CITY OF RENO did not forward a copy of its proposed jury instructions until after the

2    close of business on Friday, February 16th.   Because this was a three day holiday for President's

3    Day, the undersigned Counsel did not have a reasonable time to review the new packet of

4    instructions or to schedule a meet and confer with CITY OF RENO'S Counsel before today's

5    filing deadline.

6        Accordingly, the Parties are currently unable to submit a completed packet of agreed

7    upon jury instructions.

8        Therefore, Plaintiff Michael S. Browett hereby submits his Proposed Jury Instructions

9    and Jury Verdict Form.

10

11    RESPECTFULLY SUBMITTED.

12

13    DATED this 20th day of February, 2018.

14

15

16                                    By: ____/s/  Jack D. Campbell_____
                                         JACK D. CAMPBELL
17                                       Attorney at Law
                                         Nevada State Bar #4938
18                                       4790 Caughlin Parkway, #420
                                         Reno, Nevada 89519
19                                       *jackdcampbell@sbcglobal.net*
                                         *Attorney for Plaintiff BROWETT*
20

21

22

23

24

25

26

27

28

2

The Family and Medical Leave Act (FMLA) establishes that an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

29 U.S.C. § 2612(a)(1)(C)

**INSTRUCTION NO. _____**

An eligible employee taking FMLA leave to care for his or her spouse, or a son, daughter, or parent, with a serious health condition may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, or medical or sick leave of the employee for leave provided under the Family and Medical Leave Act.

29 U.S.C. § 2612(d)(2)(B)

**INSTRUCTION NO. _____**

1    It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of,

2    or the attempt to exercise, any right provided under the Family and Medical Leave Act.

3

4    29 U.S.C. § 2615(a)(1)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    **INSTRUCTION  NO. _____**

5

1     A violation of the Family and Medical Leave Act simply requires that the employer deny
2  the employee's entitlement to FMLA leave.

3

4  29 C.F.R. § 825.220(a)(1) & (b)

28                                    **INSTRUCTION NO. _____**

It is unlawful for any employer to discharge, or in any other manner discriminate against, any employee for opposing any practice made unlawful by the Family and Medical Leave Act.

29 U.S.C. § 2615(a)(2)

**INSTRUCTION NO. _____**

1    BROWETT'S complaining to the CITY OF RENO Human Resources Department about

2    its refusal to allow him to substitute accrued sick leave for unpaid FMLA leave was a "protected

3    activity" under the Family and Medical Leave Act.

4

5    *Winarto v. Toshiba American Electronics Components, Inc.,* 274 F.3d 1276, 1285 (9th Cir.

6    2001).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                    **INSTRUCTION NO. _____**

To establish a prima facie case of retaliation in violation of the Family and Medical Leave Act, Michael BROWETT must show that:

(1)  He was engaging in a protected activity;

(2)  CITY OF RENO subjected him to an adverse employment action; and

(3)  There was a causal link between the protected activity and CITY OF RENO'S adverse employment action.

*Bergene v. Salt River Project Agric. Improvement & Power Dist.,* 272 F.3d 1136, 1140-41 (9th Cir. 2001) (setting forth prima facie case of retaliation under Title VII).

**INSTRUCTION NO. _____**

1    An anti-retaliation claim under the Family and Medical Leave Act concerns employees
2    who are punished for opposing unlawful practices by their employer.
3
4    *Liu v. Amway Corp.,* 347 F.3d 1125 (9th Cir. 2003)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                    **INSTRUCTION NO. _____**

1    A discriminatorily abusive work environment, even one that does not seriously affect

2   employees' psychological wellbeing, can and often will detract from employees' job

3   performance, discourage employees from remaining on the job, or keep them from advancing in

4   their careers.

5

6    *Harris v. Forklift Systems, Inc.,* 510 U.S. 17; 114 S.Ct. 367, 370-71(1993)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          **INSTRUCTION NO. _____**

11

1    An employer cannot use an employee's diminished work performance as a legitimate

2    basis for an adverse employment decision where the diminution is the direct result of the

3    employer's discriminatory behavior.

4

5    *Henson v. City of Dundee,* 682 F.2d 897, 910 (5th Cir.1982);

6    *DeGrace v. Rumsfeld,* 614 F.2d 796, 804 (1st Cir.1980)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    **INSTRUCTION NO. _____**

1

2

3

4          Because Michael BROWETT was taking leave to care for his wife who was suffering a
serious health condition, Michael BROWETT was entitled under the Family and Medical Leave
Act to substitute accrued sick leave for the unpaid FMLA leave designated by CITY OF RENO
on May 6, 2015.

5

6    29 U.S.C. § 2612(d)(2)(B)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                      **INSTRUCTION NO. _____**

1    Under the Family and Medical Leave Act, it is the employer's responsibility:

2    (1)  To determine when leave under the Family and Medical Leave Act (FMLA) is

3    appropriate;

4    (2)  To inquire as to the specific facts to make that determination; and

5    (3)  To inform the employee of his or her entitlements.

6    Department of Labor regulations state that the employee need not expressly assert rights

7    under the FMLA or even mention the FMLA, but may only state that leave is needed.

8

9    29 C.F.R. § 825.302(c);

10   *Liu v. Amway Corp.,* 347 F.3d 1125 (9th Cir. 2003)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                              **INSTRUCTION NO. _____**

14

1    An employer's good faith or lack of knowledge that its conduct violates the Family and

2 Medical Leave Act does not protect it from liability.  CITY OF RENO was responsible for

3 properly identifying BROWETT'S FMLA leave.

4

5 *Liu v. Amway Corp.,* 347 F.3d 1125 (9th Cir. 2003)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                    **INSTRUCTION NO. _____**

1       To establish an interference case, BROWETT must demonstrate that his taking of FMLA

2 leave constituted a "negative factor" in the decision to pass him over for promotion.

3

4 Bachelder v. Am. West Airlines, Inc. 259 F.3d 1112, 1125 (9th Cir. 2001)

5 29 C.F.R. §825.220

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. _____**

1    It is the duty of the Court to instruct you on the measure of damages.

2    By instructing you on damages, the Court does not mean to suggest for which party your

3    verdict should be rendered.

4    If you find for Plaintiff Michael BROWETT on his claim that the CITY OF RENO

5    violated his FMLA rights, you must determine BROWETT'S financial damages.

6    As the Plaintiff, Michael BROWETT has the burden of proving these financial damages

7    by a preponderance of the evidence.

8    In reaching your decision on the amount of damages to award BROWETT, you must

9    consider that the Family and Medical Leave Act states that any employer who violates the

10   Family and Medical Leave Act shall be liable to any eligible employee affected for damages

11   equal to the amount of:

12      (1)  Wages,

13      (2)  Salary,

14      (3)  Employment benefits, or

15      (4)  Other compensation denied or lost to such employee by reason of the violation.

16

17   It is for you, the Jury, to determine what damages, if any, have been proved, and your

18   award must be based upon evidence and not upon speculation, guesswork or conjecture.

19

20

21   9th Cir. Pattern Jury Instruction 5.1 (Modified)

22   29 U.S.C. § 2617

23

24

25

26

27

28

**INSTRUCTION NO. _____**

17

An action is an "adverse employment action" if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from complaining about the employer illegal FMLA policy or administration.

Actions such as firing and demoting are adverse employment actions for purposes of a retaliation claim. In addition, receiving low ratings on job performance reviews, decreased job responsibilities, and failure to receive promotions are considered adverse employment actions.

9th Cir. Pattern Jury Instruction 10.10 (Modified)

*Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 500-01, 506 (9th Cir. 2000) (involving low rating on job performance review, decreased job responsibilities, and failure to receive promotions)

**INSTRUCTION NO. _____**

18

1    Where adverse employment actions rely on subjective evaluations, careful analysis of

2  possible impermissible motivations is warranted because such evaluations are particularly

3  susceptible of abuse and more likely to mask pretext.

4

5  *Liu v. Amway Corp.,* 347 F.3d 1125, 1136 (9th Cir. 2003) (citing:  *Weldon v. Kraft, Inc.,* 896 F.2d

6  793, 798 (3rd Cir. 1990)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                    **INSTRUCTION NO. _____**

1    Where an employer has failed in its responsibility to properly assess the employee's

2  entitlement to Family and Medical Leave and therefore denies an employee's substantive right

3  under the FMLA, such denial is a violation of the FMLA.

6  *Liu v. Amway Corp.,* 347 F.3d 1125, 1135 (9th Cir. 2003)

28                                                    **INSTRUCTION NO. _____**

The Family and Medical Leave Act (FMLA) establishes that an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

**INSTRUCTION NO. _____**

1   An eligible employee taking FMLA leave to care for his or her spouse, or a son,

2   daughter, or parent, with a serious health condition may elect, or an employer may require the

3   employee, to substitute any of the accrued paid vacation leave, personal leave, or medical or sick

4   leave of the employee for leave provided under the Family and Medical Leave Act.

28   **INSTRUCTION NO.** _____

1       It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of,

2 or the attempt to exercise, any right provided under the Family and Medical Leave Act.

**INSTRUCTION  NO.**  _____

1    A violation of the Family and Medical Leave Act simply requires that the employer deny

2    the employee's entitlement to FMLA leave.

28    **INSTRUCTION NO. _____**

It is unlawful for any employer to discharge, or in any other manner discriminate against, any employee for opposing any practice made unlawful by the Family and Medical Leave Act.

**INSTRUCTION NO. _____**

1   BROWETT'S complaining to the CITY OF RENO Human Resources Department about

2   its refusal to allow him to substitute accrued sick leave for unpaid FMLA leave was a "protected

3   activity" under the Family and Medical Leave Act.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                    **INSTRUCTION NO. _____**

To establish a prima facie case of retaliation in violation of the Family and Medical Leave Act, Michael BROWETT must show that:

(1)  He was engaging in a protected activity;

(2)  CITY OF RENO subjected him to an adverse employment action; and

(3)  There was a causal link between the protected activity and CITY OF RENO'S adverse employment action.

**INSTRUCTION NO. _____**

27

1    An anti-retaliation claim under the Family and Medical Leave Act concerns employees

2    who are punished for opposing unlawful practices by their employer.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    **INSTRUCTION NO. _____**

1
2
3
4

A discriminatorily abusive work environment, even one that does not seriously affect employees' psychological wellbeing, can and often will detract from employees' job performance, discourage employees from remaining on the job, or keep them from advancing in their careers.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. _____**

An employer cannot use an employee's diminished work performance as a legitimate basis for an adverse employment decision where the diminution is the direct result of the employer's discriminatory behavior.

**INSTRUCTION NO. _____**

30

1   Because Michael BROWETT was taking leave to care for his wife who was suffering a

2   serious health condition, Michael BROWETT was entitled under the Family and Medical Leave

3   Act to substitute accrued sick leave for the unpaid FMLA leave designated by CITY OF RENO

4   on May 6, 2015.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                          **INSTRUCTION NO. _____**

Under the Family and Medical Leave Act, it is the employer's responsibility:

(1)  To determine when leave under the Family and Medical Leave Act (FMLA) is appropriate;

(2)  To inquire as to the specific facts to make that determination; and

(3)  To inform the employee of his or her entitlements.

Department of Labor regulations state that the employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed.

**INSTRUCTION NO. _____**

1        An employer's good faith or lack of knowledge that its conduct violates the Family and

2  Medical Leave Act does not protect it from liability.  CITY OF RENO was responsible for

3  properly identifying BROWETT'S FMLA leave.

**INSTRUCTION NO. _____**

1          To establish an interference case, BROWETT must demonstrate that his taking of FMLA

2    leave constituted a "negative factor" in the decision to pass him over for promotion.

**INSTRUCTION NO. _____**

It is the duty of the Court to instruct you on the measure of damages.

By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff Michael BROWETT on his claim that the CITY OF RENO violated his FMLA rights, you must determine BROWETT'S financial damages.

As the Plaintiff, Michael BROWETT has the burden of proving these financial damages by a preponderance of the evidence.

In reaching your decision on the amount of damages to award BROWETT, you must consider that the Family and Medical Leave Act states that any employer who violates the Family and Medical Leave Act shall be liable to any eligible employee affected for damages equal to the amount of:

(1)  Wages,

(2)  Salary,

(3)  Employment benefits, or

(4)  Other compensation denied or lost to such employee by reason of the violation.


It is for you, the Jury, to determine what damages, if any, have been proved, and your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**INSTRUCTION NO. _____**

35

1    An action is an "adverse employment action" if a reasonable employee would have found
2  the action materially adverse, which means it might have dissuaded a reasonable worker from
3  complaining about the employer illegal FMLA policy or administration.

4    Actions such as firing and demoting are adverse employment actions for purposes of a
5  retaliation claim.  In addition, receiving low ratings on job performance reviews, decreased job
6  responsibilities, and failure to receive promotions are considered adverse employment actions.

28    **INSTRUCTION NO. _____**

1    Where adverse employment actions rely on subjective evaluations, careful analysis of

2    possible impermissible motivations is warranted because such evaluations are particularly

3    susceptible of abuse and more likely to mask pretext.

28    **INSTRUCTION NO. _____**

1    Where an employer has failed in its responsibility to properly assess the employee's
2  entitlement to Family and Medical Leave and therefore denies an employee's substantive right
3  under the FMLA, such denial is a violation of the FMLA.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                              **INSTRUCTION NO. _____**

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8

9    MICHAEL S. BROWETT

10                    Plaintiff,                    CASE NO.: 3:16-cv-00181-RCJ-WGC

11   vs.

12   THE CITY OF RENO, a municipality
     organized and existing under the laws of the
13   State of Nevada, and DOES 1 through 20,
     inclusive,
14

15                    Defendants.

16   _____ /

17

18        WE THE JURY in the above named matter, after hearing all of the evidence and

19   arguments, hereby find for the Plaintiff MICHAEL S. BROWETT and against the Defendant

20   CITY OF RENO,

21        AND FURTHER, award _____ in damages.

22

23

24

25

26

27

28   DATED : _____                    _____
                                                 JURY FOREPERSON

                                        39

**CERTIFICATE OF SERVICE**

        Pursuant to FRCP 5(b), I certify that I am an employee of Jack D Campbell,

Attorney at Law, and that on this date, I served the foregoing document(s) on the party(s)

set forth below by:

_____        Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices.

_____        Personal delivery.

___X___        CM/ECF electronic filing service

_____        Facsimile (FAX).

_____        Federal Express or other overnight delivery.

_____        Reno/Carson Messenger Service.

Addressed as follows:

CITY OF RENO
City Attorney's Office
1 E. 1st Street, 3rd Floor
Reno, NV  89501

        DATED this 20th day of February, 2018.

                      /s/ Jack D. Campbell
                      JACK D CAMPBELL
             Jack D Campbell, Attorney at Law