# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL S. BROWETT,

    Plaintiff,

vs.

CITY OF RENO,

    Defendant.

3:16-cv-00181-RCJ-WGC

ORDER

This case arises out the denial of a Reno Police Department ("RPD") Sergeant's rights under the Family and Medical Leave Act of 1993 ("FMLA") and RPD's refusal to promote him to Lieutenant after he complained. Pending before the Court is a renewed motion for judgment as a matter of law or, in the alternative, for a new trial.

I.    PROCEDURAL HISTORY

Plaintiff Michael Browett sued the City of Reno ("the City") in this Court under the FMLA. The Court interpreted the Complaint as including two claims: (1) interference (exercise of rights) under 29 U.S.C. § 2615(a)(1); and (2) interference (discrimination) under § 2615(a)(2).[1] The Court denied summary judgment to the City, and a jury found for Plaintiff on

---

1 There are three species of anti-retaliation-type claims under the FMLA. First, if an employer retaliates against an employee for using or attempting to use FMLA leave, the claim constitutes "interference with rights" under § 2615(a)(1) ("exercise of rights"). *Bachelder v. Am. W.*

both claims. After briefing and argument, the Court entered judgment in favor of Plaintiff and against the City for $110,406.00 in back pay, $2,251.65 in pre-judgment interest, $112,657.65 in liquidated damages, $900,468.00 in front pay, $250,445.00 in attorney's fees, $14,550.00 in expert witness fees, and post-judgment interest of $85.35 per day.

## II. LEGAL STANDARDS

If a party makes a motion for judgment as a matter of law after the opposing party has been fully heard on an issue and before the case is submitted to the jury but the Court denies the motion, the party may renew its motion within 28 days after the entry of an adverse judgment and may include an alternative request for a new trial under Rule 59. Fed. R. Civ. P. 50(b). The City made a motion for judgment as a matter of law at the close of Plaintiff's evidence, and the Court denied the motion. The City has timely renewed its motion and has included an alternative request for a new trial.

> In considering a Rule 50(b)(3) motion for judgment as a matter of law, the district court must uphold the jury's award if there was any legally sufficient basis to support it. In making that determination, the district court considers all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party . . . ; the court may not make any credibility determinations or reweigh the evidence.

*Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 842 (9th Cir. 2014) (citations and internal quotation marks omitted).

---

*Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001). Plaintiff brought no such claim. Second, if an employer retaliates against an employee for opposing a practice made unlawful under the FMLA, the claim constitutes "interference with rights" under § 2615(a)(2) ("discrimination"). Plaintiff's second claim falls under this provision because he was denied a promotion for complaining to the City about its FMLA practices. Third, if an employer retaliates against an employee for instituting or participating in FMLA proceedings, the claim constitutes "interference with proceedings or inquiries" under § 2615(b). Plaintiff brought no such claim.

> Unlike with a Rule 50 determination, the district court, in considering a Rule 59 motion for new trial, is not required to view the trial evidence in the light most favorable to the verdict. Instead, the district court can weigh the evidence and assess the credibility of the witnesses. The district court also is not limited to the grounds a party asserts to justify a new trial, but may sua sponte raise its own concerns about the damages verdict. Ultimately, the district court can grant a new trial under Rule 59 on any ground necessary to prevent a miscarriage of justice.

*Id.* (citations omitted).

### III. ANALYSIS

#### A. The § 2615(a)(2) Claim

The City first argues that no evidence supported the jury's verdict for Plaintiff under § 2615(a)(2), i.e., the "discrimination"-type "interference with rights" claim for retaliating against him based on his opposition to an unlawful practice under the FMLA. For the reasons already given in the Court's previous order, the Court disagrees. (*See* Order, ECF No. 76). There was ample evidence adduced at trial that Plaintiff's dispute with the City's human resources department over its demand that he take unpaid leave or use vacation leave, not the sick leave he was entitled to use under the FMLA, was the primary basis for the City's refusal to promote him. *Id.* A communication threatening legal action because of an employer's activity that is unlawful under the FMLA constitutes protected activity under the statute. *See, e.g., Mohoney v. Ernst & Young LLP*, 487 F. Supp. 2d 780, 808 & n.159 (S.D. Tex. 2006). It was undisputed at trial that Plaintiff complained in writing about not being able to use his sick leave, threatening to file a grievance over the issue. Various members of the RPD command staff confronted Plaintiff about his complaint in the promotion interviews and afterwards admitted to Plaintiff both orally and in writing that the complaint was a basis for his non-selection. The evidence was so strong it took the jury barely more than an hour to reach a verdict. The evidence supported the jury's conclusion that Plaintiff opposed a practice that was unlawful under the FMLA and that he

suffered an adverse employment action as a result. Unlike an "exercise of rights"-type retaliation claim under § 2615(a)(1), a "discrimination"-type retaliation claim under § 2615(a)(2) is not based on the exercise or attempted exercise of FMLA rights but on opposition to unlawful practices. The Court will not disturb the jury's verdict for Plaintiff on the § 2615(a)(2) claim.

**B.     The § 2615(a)(1) Claim**

Next, the City argues that no evidence supported the jury's verdict for Plaintiff under § 2615(a)(1), i.e., the "exercise of rights" claim. The City is wrong that "sick leave versus vacation leave is not an FMLA issue or an FMLA right." As noted in the Court's order denying summary judgment, the types of leave an employer must make available if earned, depending on the reason for the leave, is explicitly governed by the FMLA and attendant Department of Labor regulations. *Browett v. City of Reno*, 237 F. Supp. 3d 1040, 1045 & n.1 (D. Nev. 2017) (citing 29 U.S.C. § 2612(d)(2)(A)–(B), 29 C.F.R. § 825.207(a)).

It was the City's duty to sort out Plaintiff's FMLA rights. Plaintiff simply needed to inform his supervisor that leave was needed and why. As the Court previously noted, unless the CBA required it, Plaintiff was not correct that he had the right under the FMLA to demand 12 weeks of unpaid leave consecutive to his paid sick leave once his sick leave was exhausted. The City had the right to count Plaintiff's paid sick leave against his 12-week entitlement under the FMLA. But the City did not merely insist on that, at least not initially. Rather, the City presumed that Plaintiff wanted to take leave to "bond with his baby" and insisted that he therefore either take unpaid leave or use his accrued vacation leave. The jury found that was a violation of Plaintiff's FMLA rights because he had the right to use his accrued sick leave to care for his wife while she had a serious health condition. Although Plaintiff was wrong that the City could not run his sick leave concurrently with his 12-week FMLA entitlement, he was right that

he was entitled to use sick leave. And the law is clear that the duty to properly identify the nature of the leave and the employee's rights under the FMLA rested with the City, not with Plaintiff. *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1134 (9th Cir. 2003) ("It is the employer's responsibility to determine when FMLA leave is appropriate, to inquire as to specific facts to make that determination, and to inform the employee of his or her entitlements. DOL regulations state that '[t]he employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed.'" (quoting 29 C.F.R. § 825.302(c) (citation omitted)).

The evidence adduced at trial was sufficient for the jury to find that the City already knew the qualifying reason for Plaintiff's sick leave use when the City's Benefits Administrator Marlene Chapel sent Plaintiff the notification that he would have to take unpaid leave or use vacation leave. Chapel testified that her supervisor Kelly Leerman had received a doctors' note dated April 13, 2015 that indicated Plaintiff was entitled to use his sick leave under the FMLA, i.e., because he needed to care for his wife who had a serious medical condition, and that Leerman had the note at the time she instructed Chapel to send Plaintiff an "FMLA eligibility form" indicating FMLA based purely on the birth of a child that did not permit the use of sick leave. Chapel testified that she was not personally aware of the doctor's note when she sent the FMLA eligibility form, and that she fixed the problem after speaking to Plaintiff, but she was clear that Leerman had the note when she instructed Chapel to send the incorrect FMLA designation and that had Chapel had the note at the time, she would have approved sick leave on the FMLA eligibility form. The jury could have inferred from this evidence that Leerman made a mistake on the facts and/or the law when instructing Chapel to send an FMLA eligibility form incorrectly characterizing Plaintiff's FMLA leave. Also, other testimony indicated that Plaintiff

had informed his superiors of the qualifying reason for his sick leave well before being notified by Chapel via the FMLA eligibility form that he would have to take unpaid leave or use vacation leave. Plaintiff told Lieutenant Newman and Deputy Chief Venzon on April 20, 2015 and May 5, 2015, respectively, that his leave was needed in part to care for his wife, who had a life-threatening condition. The Court ruled in the context of the prior summary judgment motion that this knowledge should be imputed to the City as a matter of law. The jury can reasonably have imputed this knowledge to the City even without Chapel's testimony, and the jury can reasonably have found the refusal to permit sick leave to have been an unlawful practice under the FMLA.

The City also argues that no interference claim under § 2615(a)(1) can lie where the employee cannot show that any leave protected under the FMLA was ultimately denied. The Court itself previously noted persuasive authority to this effect but denied summary judgment because it was unclear at the time whether any right had actually been impaired. *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 449 (6th Cir. 2007) ("[T]he employee's claim ripens only when and if the employee seeks FMLA leave at a later date, and such leave is not available because the employee was wrongfully forced to use FMLA leave in the past."). The Court instructed the jury that an element of the § 2615(a)(1) claim was that "the City denied Browett FMLA benefits to which he was entitled." (J.I. No. 10, ECF No. 61; *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014)).

The Court agrees with the City on this issue. In striking down an administrative regulation, the Supreme Court has ruled that an FMLA claim requires prejudice:

> To prevail under the cause of action set out in § 2617, an employee must prove, as a threshold matter, that the employer violated § 2615 by interfering with, restraining, or denying his or her exercise of FMLA rights. Even then, § 2617 provides no relief unless the employee has been prejudiced by the violation: The

> employer is liable only for compensation and benefits lost "by reason of the violation," § 2617(a)(1)(A)(i)(I), for other monetary losses sustained "as a direct result of the violation," § 2617(a)(1)(A)(i)(II), and for "appropriate" equitable relief, including employment, reinstatement, and promotion, § 2617(a)(1)(B). The remedy is tailored to the harm suffered.

*Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). Where, as here, an error in an FMLA designation is corrected, and the inability to use leave to which one is entitled under the FMLA never materializes, the statute provides no remedy. There are no statutory, presumed, or punitive damages under the FMLA. There are only compensatory and liquidated damages.[2]

As noted in the Court's order denying summary judgment, Plaintiff attested that under RPD practice, he was not required to use any portion of his FMLA leave concurrently with his sick leave and that he wanted to preserve his entire 12 weeks of FMLA leave in case he needed to take additional time off to care for his wife. At that time, the record was unclear as to whether Plaintiff was unable to take his full 12 weeks of FMLA leave due to the "forced" FMLA leave counted during his sick leave. But it appears undisputed that Plaintiff was not ever unable to use some portion of his 12 weeks of FMLA leave due to it having been previously run concurrently with his sick leave, even assuming the concurrent running of his sick leave and FMLA leave was unlawful because of a historically contrary RPD practice. The Court therefore grants the City's renewed motion for judgment as a matter of law on the § 2615(a)(1) claim.

///

---

[2] The result does not affect the § 2615(a)(2) claim. Plaintiff showed damages flowing from the City's "discrimination" against him for opposing the unlawful FMLA practice, i.e., his complaint to HR about the City's initial refusal to permit him to use his sick leave under circumstances where the FMLA required the City to permit him to use it. The fact that the unlawful practice was corrected and did not result in prejudice under § 2615(a)(1) is irrelevant to the § 2615(a)(2) claim. The harm suffered under the latter claim was not the loss of FMLA leave, which never manifested, but an adverse employment action, i.e., the denial of a promotion, which did.

### C. Denial of Proposed Jury Instructions on 29 C.F.R. §§ 825.302 and 825.303

The City argues that the omission from the jury instructions of quotations from these regulations was prejudicial error. The regulations provide that an employee may be required to respond to an employer's questions concerning the basis for the leave so the employer can properly designate it. As the Court ruled, there was no evidence at trial that other employees were made to follow the City's policies in this regard. But even if they were, as noted *supra*, the evidence at trial was clear that the City already knew the qualifying reason for Plaintiff's use of sick leave (both by imputation via Plaintiff's prior explanation of the reason to his supervisors and in actuality according to Marlene Chapel's testimony that her supervisor had Plaintiff's relevant doctor's records) when it sent him the form indicating its decision that he could not use sick leave. Any potential error in not instructing the jury that Plaintiff was required to respond to requests for information about his need for leave was therefore not prejudicial. In any case, any potential error as to the § 2615(a)(1) claim is now moot. Nor does the issue undercut the § 2615(a)(2) claim. When the City sent Plaintiff the form indicating that he could not use sick leave at a time when HR personnel already knew (actually and by imputation) that Plaintiff qualified for sick leave under the FMLA, the City actually acted contrary to the FMLA, and that was the basis of Plaintiff's complaints for which he suffered adverse employment actions.

### D. Damages and Fees

The City argues the front pay award was not supported by substantial evidence. The Court rejects this argument for the reasons already given in its previous order. The City essentiality attacks the quality of the evidence as to Plaintiff's expected longevity at RPD and future promotions and demands more particularized evidence. But as discussed in the previous order, there was sufficient evidence for the jury's advisory verdict of front pay, and the Court

adopted it after discussing relevant factors. The City's failure to offer additional contrary evidence at trial does not negate the evidence Plaintiff adduced. The contrary evidence the City did offer, and again cites here, focuses on the fact that Plaintiff might (after having been unlawfully retaliated against) not wish to remain at RPD very long and will almost certainly never be promoted, at least not under the current command staff. But that is an argument in favor of front pay, not an argument against it. The City cannot point to the damage caused by its own wrongful behavior to argue that Plaintiff has not proved front pay because he has no hope of promotion. That argument is at worst circular and at best ignores the point of the front pay remedy. Front pay is meant to compensate Plaintiff precisely because he will not be promoted at RPD due to the City's wrongdoing. It is meant to compensate him for the consequences that will follow Plaintiff throughout his career. Plaintiff was required to show how his career at RPD would likely have unfolded had there been no violation in the first place. He did that with unrebutted expert testimony. The front pay issue was submitted to the jury for advice, not for a binding verdict, as the Court noted both before and after the verdict. The Court explained its decision as to front pay in detail in the previous order and will not reconsider front pay, liquidated damages, or fees. Nor will the Court disturb the jury's award of back pay. The judgment need not be amended based on the Court's grant of judgment as a matter of law on the § 2615(a)(1) claim, as the damages are supported under the § 2615(a)(2) claim.

///

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial and Motion to Alter or Amend Judgment (ECF No. 82) is GRANTED IN PART and DENIED IN PART. The Court will amend the judgment as to the § 2615(a)(1) claim but will not otherwise disturb the verdict or judgment.

IT IS SO ORDERED.

Dated this 24th day of July, 2018.

_____
ROBERT C. JONES
United States District Judge