**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL S. BROWETT,<br><br>              Plaintiff-Appellee,<br><br>  v.<br><br>CITY OF RENO,<br><br>              Defendant-Appellant. | No.    18-16611<br><br>D.C. No.<br>3:16-cv-00181-RCJ-WGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted February 10, 2020
San Francisco, California

Before:  RAWLINSON and CALLAHAN, Circuit Judges, and LASNIK,[**] District
Judge.

The City of Reno, Nevada, appeals the district court's denial of its various

post-trial motions following a jury verdict in favor of Sgt. Michael Browett.  The

jury found that the City violated section 105(a)(2) of the Family Medical Leave

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

Act (FMLA), 29 U.S.C. § 2615(a)(2), by repeatedly denying Browett a promotion to lieutenant due to his demand that the City place him on paid sick leave so that he could save his unpaid FMLA leave for future use.  Section 105(a)(2) bars employers from retaliating against employees who oppose practices made unlawful under the FMLA.  *Id.*  We have jurisdiction under 28 U.S.C. § 1291.  We affirm in part, reverse in part, and remand.[1]

1.  The district court properly denied the City's renewed motion for judgment as a matter of law.[2]  Although Browett was mistaken as to his belief that he could bank his FMLA leave, *see* 29 C.F.R. § 825.207(a), the statute also protects employees who oppose activity that they reasonably believe is unlawful, *id.* § 825.220(e); *see also* H.R. Rep. 103-8(I), at 46 (1993).  The City attacks Browett's belief as unreasonable, but that was a question submitted to the jury, and it found for Browett.  We are unable to conclude that no reasonable jury could have reached this result.  *See Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 797 (9th Cir. 2017).

2.  The district court acted within its discretion in denying the City's motion

---

[1]     Because the parties are familiar with the facts of this case, we do not discuss them at length here.

[2]     The district court granted judgment as a matter of law on Browett's claim that the City interfered with his FMLA rights in violation of section 105(a)(1) of the statute, 29 U.S.C. § 2615(a)(1).  Browett does not challenge this ruling on appeal.

for a new trial.  Any error in failing to instruct the jury on the text of relevant regulations was more likely than not harmless.  *See Dang v. Cross*, 422 F.3d 800, 811 (9th Cir. 2005).   The regulations set forth the notice requirements for employees requesting FMLA leave, 29 C.F.R. §§ 825.302(d), 825.303(b), and the City proffered them partly to show that it acted within its rights in inquiring as to the reasons for Browett's absence.  The court touched upon this, however, in instructing the jury that employers "should inquire further of the employee" if the employer lacks sufficient information "about the reason for an employee's use of leave."  On the whole, the requested instructions bear little connection to the jury's retaliation verdict.

3.  The district court abused its discretion in awarding Browett $900,468 in front pay.  Front pay is a disfavored remedy, appropriate only when instatement is infeasible.  *Traxler v. Multnomah Cty.*, 596 F.3d 1007, 1012 (9th Cir. 2010).  Here instatement is feasible, as made clear by Browett's continued and successful employment with the City.  One member of the command staff testified that Browett is "absolutely" a "workhorse" still performing his job at the same level as before, and the court itself observed that "[t]here is nothing in the record indicating that [Browett] would not accept a promotion to Lieutenant."  In addition, the City's request that Browett be ordered promoted undercuts the court's concerns over funding and other administrative details.  Finally, front pay is intended to be

temporary, and courts must structure such awards to avoid windfalls.  *Gotthardt v. Nat'l R.R. Pass. Corp.*, 191 F.3d 1148, 1157 (9th Cir. 1999).  The court's award here, which takes the relatively young Browett to retirement, failed to account for the possibility that Browett might later seek or obtain a promotion with the City, or leave and take a higher-paying job elsewhere.

We therefore vacate the front-pay award and, considering the district court's disinclination to demote a sitting lieutenant, remand with instructions to order Browett promoted to the next available lieutenant opening, with front pay compensating him until the promotion occurs.[3]  *See Traxler*, 596 F.3d at 1012 ("[Front pay] can be awarded to complement a deferred order of []instatement . . . ." (quotations and citation omitted)); *see also Lander v. Lujan*, 888 F.2d 153, 159 (D.C. Cir. 1989) (Ginsburg, J., concurring) ("Under this approach, . . . the victim . . . receives the next available vacancy or promotion but, while waiting, is paid at the higher level.").[4]  We expect the City, in carrying out this remedy, to abide by the district court's order requiring it to ensure that neither this lawsuit nor the events precipitating it are held against Browett in future employment decisions.

---

[3]    We note that in both its briefs and at oral argument, the City represented to this court that injunctive promotion and some degree of front pay would be an appropriate remedy.

[4]    Because we vacate the front-pay award, we do not reach whether the district court failed to treat the jury's assessment of front pay as advisory.  *See Traxler*, 596 F.3d at 1013 ("The ultimate decision [on front pay] rests with the court.").

4.  The district court properly declined to reconsider its liquidated-damages award.  The City readily admits that its motion for an amended judgment advanced a wholly different argument than previously offered.  But a party cannot use a Rule 59(e) motion to assert a new position that it could have raised earlier in the litigation.  *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  The court thus had no obligation to entertain the argument or alter its award in this respect.

**AFFIRMED IN PART, REVERSED IN PART, & REMANDED.**