JACK D. CAMPBELL
Attorney at Law
Nevada State Bar #4938
4790 Caughlin Parkway, #420
Reno, NV 89519
(775) 219-6699
*jackdcampbell@sbcglobal.net*
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL S. BROWETT

     Plaintiff,        CASE NO.: 3:16-cv-00181-RCJ-WGC

vs.

THE CITY OF RENO, a municipality organized and existing under the laws of the State of Nevada, and DOES 1 through 20, inclusive,

     Defendants.
_____ /

## MOTION FOR ATTORNEY'S FEES AND COSTS

Michael S. BROWETT, in accordance with Fed. R. Civ. Pro. 54, LR 54-14, and 29 U.S.C. § 2617(a)(3), hereby moves this Court for an award of attorney fees and appellate costs not ordinary allowed. The motion is made upon the attached Memorandum of Points and Authorities, the attached EXHIBITS, all pleadings and papers on file herein, and any additional or further evidence this Court may deem just and proper.

DATED this 12TH day of January, 2021.    By: /s/ Jack D. Campbell

                     JACK D. CAMPBELL
                     Attorney at Law
                     Nevada State Bar #4938
                     4790 Caughlin Parkway, #420
                     Reno, Nevada 89519
                     *jackdcampbell@sbcglobal.net*
                     *Attorney for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Introduction**

On October 22, 2020, the 9th Circuit Court granted BROWETT'S Request for Attorney Fees pursuant to 29 U.S.C. § 2617(a)(3) and remanded the matter to this Court to determine a "reasonable" front pay award (Dkt. No. 36). In addition to requesting the attorney fees incurred on appeal, BROWETT also requests the Court to grant reasonable fees incurred now during the Post-Appeal proceedings. In support of these requests, BROWETT incorporates his Request for Attorney Fees, including all attached forms and exhibits (Dkt. No. 36), and the spreadsheet of hours incurred and work performed during the Post-Appeal activity attached as EXHIBIT 1 and incorporated herein by reference.

**Discussion of Fees Requested**

In accordance with Rule 54 and LR 54-14, BROWETT submits the following:

**1.      A reasonable itemization and description of the work performed;**

Attached as EXHIBIT 1 and incorporated herein is the billing statement for Jack D. Campbell, Attorney at Law, for all legal services rendered, post appeal, in this matter until the date of this filing. This billing statement provides a reasonably detailed description of the work performed and time required to complete the task billed in 1/10 of an hour increments.

**2.      An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable under LR 54-1 through 54-13:**

Under the Local Rules, appellate costs are costs not ordinary allowed under LR 54-13. In its Mandate (Doc. # 102) the 9th Circuit Court taxed costs against CITY OF RENO in the amount of $270.30. As yet, CITY has not paid those taxed costs. Therefore, BROWETT moves this Court to include those taxed costs, plus interest, in the final judgment.

**3.      A brief summary of:**

   **(A)  The results obtained and the amount involved:**

   **(i)   Attorney Fees on Appeal.**

On October 22, 2020, the 9th Circuit Court granted BROWETT'S Request for Attorney's Fees (Doc. # 104) and remanded the determination of "reasonableness" to this Court. In its

Opposition to BROWETT'S request for attorney's fees, CITY argued that the 9th Circuit Court should deny BROWETT'S request in its entirety because the CITY prevailed on appeal, not BROWETT. CITY made this argument even though it brought 5 claims on appeal:

1. Judgment as a matter of law to all claims, which failed.
2. Prejudicial error for rejected jury instruction, which failed.
3. Prejudicial error for submitting equitable issue to jury, which failed.
3. Improper calculation of front pay award because of speculation, which failed
4. Reconsideration of award of liquidated damages, which failed.
5. Judicial error for not correcting Equitable relief, which prevailed, in part.

CITY'S claims to have prevailed on appeal because it avoided the one-time payment of the front pay award even though it lost on all other issues. CITY'S claim of prevailing is erroneous because CITY did not avoid paying the front pay damages, it only changed the timing and form of the payments. CITY is currently making payments of those front pay damages in the form of now paying BROWETT top-step Lieutenant wages with correspondingly increased retirements contributions, and CITY is obligated to continue to make those payments throughout BROWETT'S career at CITY OF RENO. The increased retirement contributions will then continue to benefit BROWETT and his family for the rest of his life. The total of all those periodic payments far exceeds the one-time payment of the front pay damages because the award of front pay damages made by the jury and this Court was: 1) discounted to 2018 present day values; 2) did not include salary benefits including, longevity pay, cost of living increases, contract negotiated salary increases, overtime, and collateral duty pay; and 3) did not account for those additions to BROWETT'S base salary and how they would increase retirement payments for the rest of BROWETT'S life.

CITY'S claim of success on appeal also ignores the substantial, personal benefits BROWETT will now receive as a result of the Mandate. Prior to CITY'S surprising representation made during the oral argument on appeal that it would *welcome BROWETT, as a Lieutenant, with open arms if the court would only order it,* BROWETT had abandoned his dreams of being a productive member of the Command Staff at Reno Police Department. His

dreams of being an innovative leader at RPD had been stolen from him through the malicious statements and actions of the Command Officers of the Reno Police Department. Now, as a result of the Mandate, BROWETT is realizing his dreams again. BROWETT has been promoted, and because of the length of time we have been litigating this matter, BROWETT went from being a top-step Sergeant to being a top-step Lieutenant, *and then on to Day-shift Watch Commander*, with the accompanying seniority and benefits. **Something that seemed impossible at trial**. Nevertheless, as the evidence showed at trial, Lieutenant BROWETT'S performance of his new duties as the Dayshift Watch Commander have been above standard.

Furthermore, as a result of the Mandate, the vile and malicious statements claiming BROWETT had anger management problems with emotional outbursts have been erased from his personnel files and CITY is obligated to take the necessary steps to ensure that they will never be used against BROWETT again in the future.

Lastly, in its Mandate the 9th Circuit Court granted BROWETT'S Request for Attorney Fees pursuant to 29 U.S.C. § 2617(a)(3) which does not contain a provision to deny an award of reasonable attorney's fees based upon prevailing on altering the form of damages awarded for violating the FMLA. To the contrary, once the 9th Circuit Court affirmed that CITY'S actions had violated the FMLA, 29 U.S.C. § 2617(a)(3) mandates: "The Court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant."

Other than claiming that it prevailed on appeal, and therefore, BROWETT'S Request for Attorney's Fees should be denied, CITY did not argue that any specific billing entry or resulting fee was erroneous or unreasonable. Nor did CITY claim the billing rates for attorney and paralegal were unreasonable, or that either attorney or paralegal billed excessive hours to perform the work detailed in the billing statements.

Therefore, because CITY did not prevail on appeal and did not object to any specific billing entry, the amount of time billed, or the billing rate for either attorney or paralegal, BROWETT respectfully moves this Court to find the billing rate and hours worked by the

undersigned attorney and assisting paralegal during the appeal before 9th Circuit Court of Appeals to be reasonable and award the full amount of $78,516.25 as requested.

### (ii) Post Appeal Attorney Fees.

Attached as EXHIBIT 1 and incorporated herein by reference is a spreadsheet detailing the attorney hours worked since the Order and Mandate in this matter were issued by the 9th Circuit Court. As with the hours detailed at trial and again on appeal, the attorney hours are billed in increments of 1/10 of an hour or 6 minutes. EXHIBIT 1 is complete and accurate through the filing of this motion, and BROWETT moves this Court to find the hours worked reasonable and award the full amount of attorney's fees incurred following this matter returning on Mandate and until final judgment is entered on behalf of BROWETT.

### (B) The time and labor required:

As stated above, at the 9th Circuit, CITY OF RENO did not object to any specific work performed, hours claimed, or the resulting fees requested by BROWETT as unreasonable, and it should not be heard to do so now.

As to the fees claimed for post appeal work, the worked performed, time required, and the associated costs are itemized in EXHIBIT 1. As with all other fees claimed herein, the undersigned attorney affirms that the work performed was necessary to properly represent BROWETT and that time spent on each task was necessary and reasonable.

### (C) The novelty and difficulty of the questions involved:

As this Court is well aware, BROWETT'S claims of discrimination and retaliation in violation of the FMLA were rather unique. Because of that novelty, and BROWETT'S success, labor law lawyers and the clients they represent are altering their advice and operations to recognize potential liability in the competitive promotion process. Once those actions were confirmed by the 9th Circuit Court to be violations of the FMLA, even in an unpublished opinion, conscientious labor lawyers and employers have, and will continue to, alter their behavior to avoid issues raised by this case.

///

///

**(D)  The skill requisite to perform the legal service properly:**

To investigate, plan, prepare, and prosecute a case against a governmental entity, and obtain a positive jury verdict on liability and damages which is upheld on appeal required years of litigation practice and experience.  And, prevailing on unique claims of liability at trial and on appeal requires substantial legal skill.

**(E)  The preclusion of other employment by the attorney due to acceptance of the case:**

None.

**(F)  The customary fee:**

The undersigned counsel's customary hourly fee for a plaintiff's constitutional or federal law case against a municipal, state, or federal governmental agency is $450.00 per hour and billed in increments of 1/10 of an hour.  This Court has previously found that rate to be reasonable.

**(G)  Whether the fee is fixed or contingent:**

The retainer agreement between BROWETT and the undersigned counsel is a fixed, hourly billing fee agreement.

**(H)  The time limitations imposed by the client or the circumstances:**

There were no unreasonable time limitations imposed by either.

**(I)  The experience, reputation, and ability of the attorney:**

The undersigned attorney has over 25 years of experience litigating cases in both state and federal courts in this jurisdiction, as well as Colorado and California.  He personally has tried over 60 jury trials to successful verdicts for his clients.  Most of these cases involved complex litigation and large damages exposures in the areas of mining, heavy construction, medical malpractice, hospital liability, wrongful death, insurance bad faith, and constitutional law issues.

**(J)  The undesirability of the case, if any:**

Very few lawyers in this area have the knowledge, skill, and resolve to successfully litigate a federal law or civil rights case against a governmental entity in federal court, and that

number becomes even smaller for lawyers who can successfully argue those cases at the appellate level.

**(K)  The nature and length of the professional relationship with the client:**

BROWETT contacted the undersigned attorney in February 2016, and the retention agreement between BROWETT and the undersigned attorney was executed on March 30, 2016.

**(L)  Awards in similar cases:**

Unknown.

**(M)  Any other information the court may request:**

None known at this time.

### Conclusion

CITY OF RENO strenuously denied any liability or wrongdoing. The Jury did not believe them and awarded substantial damages against CITY to compensate BROWETT for CITY'S unlawful behavior.

CITY made no attempts to resolve this matter short of the trial which began on February 26, 2018.  It took BROWETT almost two full years of litigation to bring CITY before the Jury to account for, and answer for, their unlawful conduct.  It took the undersigned counsel over 560 hours of legal work to obtain the Verdict rendered by the Jury in this matter.

Following trial, CITY appealed and claimed it should have prevailed on all claims as a matter of law.  CITY continued to vigorously claim innocence for the FMLA violations. CITY'S appealing this matter caused the resolution of this matter **another 3 full years,** and required hundreds attorney and paralegal hours to prepare and defend CITY'S claims on appeal. CITY made numerous claims of error during the appeal and sought to have the jury verdict and this Court's findings vacated in their entirety.  All of CITY'S claims and arguments were unsuccessful except the award of front pay.  It took substantial work on behalf of BROWETT to defend those numerous claims.  *It was only after CITY represented during oral argument that there were no lingering animosities against BROWETT and that it would gladly promote BROWETT and take all the necessary steps to make him whole if **it were only ordered to do so**,*

**Jack D Campbell**
*Attorney at Law
4790 Caughlin Parkway, #420
Reno, NV 89519*

-7-

that the 9th Circuit Court vacated the front pay award and remanded this matter back to this Court to do just that:  Order BROWETT promoted and fashion a front pay award that compensates him for all damages caused by CITY until he is made whole.  Everything that BROWETT wanted, and deserved, when he tested for Lieutenant in 2015 is now in the process of coming to him. Those facts clearly show who prevailed in this matter.

THEREFORE, Michael S. BROWETT respectfully moves this Court to allow and award attorney fees in accordance with 29 U.S.C. § 2617(a)(3) in the amount of:

1. Attorney fees on appeal: $ 78,516.25

2. Post appeal attorney fees: $ 15,660.00 (plus fees incurred from this filing date)

BROWETT further moves this Court to allow and award appellate costs in the amount of $ 270.30.

RESPECTFULLY SUBMITTED

DATED this 12th day of January, 2021.

By: /s/ Jack D. Campbell

JACK D. CAMPBELL
Attorney at Law
Nevada State Bar #4938
4790 Caughlin Parkway, #420
Reno, Nevada 89519
*jackdcampbell@sbcglobal.net*
*Attorney for Plaintiff*

AFFIDAVIT OF JACK D. CAMPBELL

STATE OF NEVADA )
) ss.
COUNTY OF WASHOE )

I, JACK D. CAMPBELL, pursuant to Fed. R. Civ. Pro. 11, and under penalty of perjury depose and say:

1. I am over the age of 18, a resident of Washoe County, have personal knowledge of the facts presented herein, and am competent to testify thereto if called upon to do so.

2. I am the attorney of record for Michael S. Browett in the matter of Browett v. City of Reno, Case No. 3:16-cv-00181-RCJ-WGC, filed in the Federal District Court of Nevada.

3. I have personally authored, reviewed and edited the billing statements for legal services rendered in this matter and attached as EXHIBIT 1.

4. The hours of legal services rendered are explained in sufficient detail to show the reasonableness of the time expended to complete the task identified and the amounts charged.

5. Based upon my 25 years of litigation experience, I believe these hours and charges to be reasonable.

6. I further believe this work was necessary to obtain the Jury Verdict on behalf of my client, Michael S. BROWETT.

Dated this 12th day of January, 2021.

By: /s/ Jack D. Campbell

JACK D. CAMPBELL
Attorney at Law
Nevada State Bar #4938
4790 Caughlin Parkway, #420
Reno, Nevada 89519
*jackdcampbell@sbcglobal.net*
*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Jack D Campbell, Attorney at Law, and that on this date, I served the foregoing document(s) on the party(s) set forth below by:

_____   Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices.

_____   Personal delivery.

  X       CM/ECF electronic filing service

_____   Facsimile (FAX).

_____   Federal Express or other overnight delivery.

_____   Reno/Carson Messenger Service.

Addressed as follows:

CITY OF RENO
City Attorney's Office
1 E. 1st Street, 3rd Floor
Reno, NV  89501

DATED this 12th day of January, 2021.

                                        /s/ Jack D Campbell
                                        JACK D CAMPBELL
                                        Jack D Campbell, Attorney at Law