KARL S. HALL
Reno City Attorney
MARK W. DUNAGAN
Deputy City Attorney
Nevada State Bar No. 10574
P. O. Box 1900
Reno, Nevada 89505
(775) 334-2050
dunaganm@reno.gov
*Attorneys for the City of Reno*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
*****

| | |
|---|---|
| MICHAEL S. BROWETT | Case No.: 3:16-CV-00181-RCJ-WGC |
| Plaintiff, | |
| vs. | **CITY OF RENO'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES ND COSTS** |
| CITY OF RENO, a municipal corporation organized and existing under the laws of the State of Nevada, and DOES 1 through 20, inclusive, | |
| Defendant. | |

Defendant City of Reno hereby responds in partial opposition to Michael S. Browett's Request for Attorney's Fees and Costs filed January 12, 2021 (ECF 111) (the "Motion"). This Response is filed pursuant to FRCP 54 based on the following Memorandum of Points and Authorities, all pleadings and papers on file herein, and any other matters the Court deems just and proper.

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On July 29, 2020, the Ninth Circuit Court of Appeals issued its order affirming in part, and reversing with respect to the form of the award of equitable relief granted. That reversal was a remedy specifically sought by the City of Reno on the appeal, and was opposed by Browett.

On October 22, 2020, the Ninth Circuit Court granted Browett's motion for attorney's fees on appeal, but left the determination of a "reasonable" amount of fees on appeal to this Court.

## ARGUMENT

The City does not oppose the awarding of attorney's fees in this case. The City did not challenge this Court's fee award (for the initial proceedings) in its appeal. While the City opposed Browett's request to the Ninth Circuit to award fees incurred on appeal, that issue was disposed by the appellate court's October 22 order. Arguments over whether to award fees on appeal are moot. The only remaining issue is the amount of the fee award on appeal.

Browett has moved to recover 100% of attorney's fees incurred on appeal. For the reasons stated below, the City partially opposes the Motion, to the extent that it seeks recovery of fees incurred in pursuit of a losing argument regarding the form of equitable relief.

**A. Fees Requested**

    **1. Costs and Post-Appeal Attorney's Fees**

The City does not oppose the costs taxed by the appellate court, plus applicable interest, being included as part of the final judgment. The City likewise does not oppose the award of fees set forth in Exhibit "1" of the Motion. (ECF 111-2.)

    **2. Attorney's Fees on Appeal; Limited Success of the Parties**

The City pursued several theories on appeal. It was unsuccessful in obtaining judgment as a matter of law as to liability, a reversal of liquidated damages, or a new trial. The City concedes that an award of fees incurred defending those results is appropriate.

However, the City obtained precisely the relief it sought with regard to the vast majority of the money awarded to Browett post-trial: reversal of the $900,468 front pay award, in favor of

the equitable remedy of promotion.[1] Regardless of any arguments Browett now makes, the result of the City's efforts on appeal realized a savings of $900,468 for the City, and a disgorgement of that same amount from Browett. The Motion misapprehends the difference between the original award—a potential windfall for which Browett need not make any future effort—and the future wages Browett will *earn* following his promotion. Browett should eventually receive all that money and more, but he will receive it as a result of performing work for the City. Browett argues that because his financial picture will ultimately improve, he was entirely successful on appeal. He was not.

The Ninth Circuit's remand came with instructions to order Browett's promotion. Browett's Motion characterizes this as a win for him. While the City certainly agrees that it is a better result, Browett's argument ignores the fact that promotion is precisely the relief the City sought on appeal as to that issue, and the very result Browett *unsuccessfully opposed*. (See Ex. 1, Opening Brief excerpt; Ex. 2, Answering Brief excerpt.)

Whether or not Browett will benefit from the alteration of the equitable award, the fact remains that he opposed it, and lost on that front. It is inappropriate to award fees incurred on unsuccessful claims because time spent on them "cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 1943 (1983). Where a plaintiff achieves only limited success, a court should award only that amount of fees that is reasonable in relation to the results obtained. *Id.* at 440, 1943.

Browett contends that because the judgment remains in his favor, he is necessarily the prevailing party on appeal. However, this position "ignores the ultimate result of the proceedings on appeal." *See Corder v. Gates*, 104 F.3d 247, 249 (9th Cir. 1996). Where the net result of appeal is a reduced award for a plaintiff, the plaintiff is not the prevailing party on appeal. *Id.* at 250. If a party meets with total success on appeal, it is proper to award full attorney's fees. *Corder v. Brown*, 25 3.Fd 833, 840-41 (9th Cir. 1994). However, a party enjoying partial success on appeal can

---

[1] Browett was awarded a total of $1,125,783.30 in damages: the erroneous front pay award plus $225,315.30 comprising backpay, pre-judgment interest, and liquidated damages. (Judgment, ER.I at 4-5.) The rest of the money awarded was for costs, attorney's fees, and expert fees, none of which Browett had to defend on appeal. (*Id.*)

properly be awarded attorney's fees only for those claims successfully defended on the merits. *Id.* (citing *Larez v. Los Angeles,* 946 F.2d 630, 649 (9th Cir.1991).

The City concedes that Browett, having successfully defended the liability determination, remains the prevailing party at trial for the purposes of the fee-shifting provision of 29 U.S.C. 2617(a). However, the fact that the judgment remained in Browett's favor does not mean that Browett wholly succeeded on the merits *of the issues appealed*, because liability was not the issue concerning equitable relief. *See Paolini v. Alberston's, Inc.*, 265 Fed. App'x. 667, 670 (9th Cir. 2008) (declining to award attorney's fees on appeal where award was significantly reduced on appeal, notwithstanding affirmance of district court's decision on the merits.)

Browett was unsuccessful in defending the improper award of front pay. The fact that there were other claims Browett successfully defended does not change this fact. Respectfully, it would be abhorrent for a party to recover attorney's fees incurred in the defense of an award ultimately determined to be an abuse of discretion. Respectfully, the award of attorney's fees should not include fees incurred by Browett which are attributable to defending that claim, because the cash front pay award was vacated.

To reckon with the significant reversal on appeal—again, $900,000 of a $1.125 million monetary award was struck down—Browett now argues that he ultimately will be even better off than he was prior to the appeal, so he prevailed under this novel standard. This argument is unavailing. It lacks any legal support. It is also illogical and unjust: if the present outcome is better for Browett than the prior outcome, then he should not have opposed the City's motion to alter the equitable award in post-trial briefing, and should not have opposed the City's pursuit of that reversal on appeal.[2] He should not have caused the expenditure of resources necessary to resolve that disputed issue. Yet Browett opposed equitable promotion—and argued in favor of the disfavored front pay remedy—at each step. Resistance to correcting that aspect of the judgment forced the City's hand. (*See* ECF 84 at pp. 9-10; Ex. 2 hereto)  Browett should not recover fees

---

[2] The Motion contends that The City's desire to promote Browett rather than pay front pay expressed at oral argument was "surprising," but the City had been seeking that result since June, 2018 when it requested this Court to instate Browett as lieutenant.

incurred attempting to avoid a result he now argues is preferable.

Finally, as referenced above, larger future earnings do not demonstrate that Browett prevailed on this issue. Front pay was vacated. The equitable award has been altered to the promotion itself, not the future earnings resulting from it. Future earnings will now be just that: wages paid as compensation for work Browett performs, and only to the extent he actually performs it. Put another way, due to the relief obtained by the City on appeal, it gets the benefit of Browett's work at the lieutenant level (or above), which is markedly different than the prior remedy. Under the prior result, the City would pay Browett nearly a million dollars up front to do no more work than he was doing anyway, and he was free to resign or retire at his own discretion, potentially resulting in a windfall. That contingency is why the award was reversed.

Browett additionally assigns fault to the City for pursuing its several bases for appeal and dragging the matter out three years. The City concedes that the appellate court ultimately disposed of its arguments regarding other aspects of the judgment. The fee award attributable to defending the judgment (with attendant interest) will make Browett whole, and there was no bad faith or finding thereof on the City's part. However, the result on appeal vindicates the City's pursuit of reversal of the cash front pay award. The amount the City will pay out on the forthcoming judgment is $900,000 less than it would have been, owing to its efforts. Instead, it will pay wages to an employee for work actually performed over the course of many years.

**B. Discount of Fee Award**

Browett argues that the statute does not provide a basis for denying or discounting a fee award in connection with the alteration of a form of equitable relief on appeal. Certainly, the statute does not contemplate every contingency—in this case, an incorrect form of relief, which required correction on appeal. However, it does provide the parameter that an attorney fee award must be "reasonable." 29 U.S.C. § 2617(a)(3). As referenced above and discussed further below, it is not reasonable to award fees incurred on unsuccessful claims because time spent on them was not expended in pursuit of the ultimate result achieved. *Hensley*, 461 U.S. at 435.

Furthermore, the Ninth Circuit's order clearly provides that this Court should exercise its discretion and reach a reasonable award. If the appellate court believed an award of 100% of

attorney's fees on appeal was appropriate—or that it was improper to adjust the fee award—it could have so held with the stroke of a pen. The fact that it instructed this Court to find a reasonable number makes a clear case that some determination should be made. This Court's hands are not tied as to the full sum calculated by Browett's attorney.

Additionally, there is support at law for discounting attorney's fees awarded in accordance with partial or reduced success, regardless of whether a statute explicitly provides for it. Where a party achieves less than what it seeks to achieve, a reduction in attorney's fees is appropriate. *Toussaint v. McCarthy*, 826 F.2d 901 (9th Cir. 1987) (holding that a one-third reduction in fees was inadequate to account for limited success on appeal). *Toussaint* was a Section 1983 case, whose statutory source for attorney's fees (42 U.S.C. § 1988), like the instant statute, does not expressly address the alteration of a fee award to account for limited success. Nonetheless, that case provided for a reduction.

Under Ninth Circuit law, "the district court must reduce the attorney's fee award so that it is commensurate with the extent of the plaintiff's success." *McCown v. City of Fontana*, 565 F.3d 1097, 1104 (9th Cir. 2009) (citing *McGinness v. Kentucky Fried Chicken*, 51 F.3d 805 (9th Cir.1994). "In judging the plaintiff's level of success and the reasonableness of hours spent achieving that success, a district court should 'give primary consideration to the amount of damages awarded as compared to the amount sought.'" *McCown* 565 F.3d at 1104 (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). The *McCown* court used the *McGinnis* case as an example of how a court should discount fees to account for reduced success. *Id.* In *McGinnis*, the plaintiff successfully sued his employer for discrimination, winning $234,000 including punitive damages, and $148,000 in attorney's fees. *Id.* After a finding that punitive damages were not allowed, the plaintiff's award was reduced to $34,000, but the district court did not reduce the attorney's fees. *Id.* The Ninth Circuit vacated on the basis that "the district court abused its discretion by expressly refusing to relate the extent of success to the amount of the fee award." *Id.*

This case is similar to *McGinnis*. At trial, Browett obtained backpay and liquidated damages totaling $225,315, and front pay of $900,468. He was also awarded $257,420 in attorney's fees. (ECF 92.) That original attorney's fees award already compensates Browett's

1   attorney for success on the claim for equitable relief, and that award has not been disturbed. But
2   as to the *form* of that relief, Browett necessarily incurred some unknown percentage of his
3   attorney's fees on appeal in defense of cash front pay, an effort in which he did not prevail. Now
4   the underlying cash award to Browett is $225,315, and the attorney's fee award is intact at
5   $257,420. The City still does not seek to disturb that award, because it accounts for Browett's
6   success *on the merits* as to equitable relief.

7   Browett's attorney now seeks an additional $78,516 in fees incurred on an appeal in
8   which his client's cash award was reduced by $900,468. However, Browett has not discounted his
9   fee request to account for this limited success on appeal. The supporting documentation for
10  attorney's fees submitted to the appellate court (in this record as ECF 105-2) is not susceptible to
11  having each billing entry parsed on an issue-by-issue basis. It is therefore appropriate for this Court
12  to exercise its discretion in discounting the fee award. *Hensley,* 461 U.S. at 436–37 (courts may
13  exercise discretion in attempting to identify specific hours that should be eliminated, or simply
14  reduce the award to account for limited success.) At the heart of accounting for limited success is
15  the question of whether the plaintiff's accomplishments in the case "justify the fee amount
16  requested." *Thorne v. City of El Segundo*, 802 F.2d 1131, 1142 (9th Cir. 1982).

17  It is not unfair or unjust to discount the fee award on appeal. As stated above, Browett's
18  success in obtaining equitable relief is already part and parcel of the original $257,420 fee award.
19  The City likewise concedes that he is entitled to fees incurred on appeal successfully defending as
20  to liability, liquidated damages, and this Court's determination on jury instructions.

21  **C.  Amount of Reduction**

22  The City does not know how much of the fees on appeal claimed by Browett are
23  attributable to the unsuccessful defense of the cash front pay award. The City also does not desire
24  to engage in guesswork or contentious, prolonged litigation as to each billing entry.  Even if it did,
25  the Ninth Circuit has instructed, "The district court need not be so mechanical as to divide the
26  amount of fees and costs requested by the number of claims." *Vargas v. Howell*, 914 F.3d 1188
27  (2020).

28  In any case, the City prefers to move forward on a new foot with Browett, and put this

litigation behind the parties. Rather, than protract these proceedings with quibbling, the City respectfully requests that this Court simply exercise its discretion in reducing the award of fees claimed on appeal ($78,516) by an amount it deems commensurate with the City's success in recouping $900,468 from the cash award. The City submits that a fee reduction in the range of 30% to 60% of the invoiced total is appropriate.

The City respectfully requests that the Court consider the following points in its exercise of discretion.

**1. Magnitude of Reduction of Monetary Award.**

Browett's cash damages award was reduced from a speculative potential windfall of $1,125,783 to the appropriate (non-windfall) amount of $225,315.30, plus equitable promotion.[3] This outcome reflects significant success on appeal for the City not just because it can reallocate significant resources in the short term, but it will also obtain the benefit of Browett's work at the lieutenant rank in exchange for the increased compensation it will pay him. As explained above, the money Browett will earn over his career is not part of the award, and not part of the calculation.

**2. Significance of the Front Pay Issue in Appeal.**

The City likewise urges the Court to consider the likelihood of whether the appeal would have even happened if this one issue had been decided differently. The front pay award was by far the largest component of the monetary damages awarded after trial. (ECF 92.) The cost-benefit analysis of mounting an appeal changes drastically with a $900,000 swing in the amount owing. It is reasonable to ascribe a completely different calculus to the City's decision-makers if the cash award in the judgment had only been $225,000, given the resource costs of appeal. Moreover, the City sought alteration of the front pay award after trial as *alternative relief* to its renewed motions for judgment as a matter of law and new trial. (ECF 82 at p. 20.) This suggests that the City would have foregone the appeal had Browett not opposed the City on this significant issue.

Documentation submitted by Browett in support of his fee invoice also reflects that the

---

[3] Browett also receives temporary front pay for the period from trial to the date of equitable promotion (9/3/2020). The parties have already stipulated the amount and effected a payroll action of approximately $88,000 plus attendant PERS contribution adjustment, which will be documented for the Court's satisfaction prior to final judgment.

1  City made a settlement offer at the outset of the appeal, which Browett refused. (ECF 105-2, p. 7:
2  entry dated 10/11/18.) While the substance of those discussions are off the record and opaque to
3  the Court, the billing entry on the record demonstrates that the City attempted to compromise in
4  order to resolve the matter, which Browett rejected. The result of the appeal, in turn, is effectively
5  a compromise.

## CONCLUSION

Based on the foregoing, the City partially opposes the Motion and respectfully urges this Court to reduce the amount of attorney's fees awarded on appeal from the amount claimed by Browett. *See Hensley,* 461 U.S. at 440 ("where a plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* at 440, 1943.) Given the significance of the City's success on the equitable relief issue and the vast reduction of the monetary award, the City submits a reduction in the range of 30% to 60% is reasonable. The City does not oppose Browett's Motion as to costs taxed or post-appeal attorney's fees.

Dated this 15th day of February, 2021.

                        KARL S. HALL
                        Reno City Attorney

                        By: */s/ Mark W. Dunagan*
                            MARK W. DUNAGAN
                            Deputy City Attorney
                            Nevada State Bar #10574
                            Post Office Box 1900
                            Reno, Nevada  89505
                            (775) 334-2050
                            *Attorneys for City of Reno*

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this date, I am serving the foregoing document(s)

**RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

on the party(s) set forth below by:

_____   Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices or;

_____   Personal hand delivery.

  X     CM/ECF electronic filing service.

_____   Email

_____   Facsimile (FAX).

_____   Federal Express or other overnight delivery.

_____   Reno/Carson Messenger Service.

addressed as follows:

Jack D. Campbell
4790 Caughlin Parkway, #420
Reno, NV 89519

DATED this  15th  day of February, 2021.

 */s/ Terri Strickland*
Terri Strickland
Legal Assistant

## List of Exhibits

| Exhibit No. | Document | Page Nos. |
|---|---|---|
| 1 | Excerpt of City's Opening Brief on Appeal (pp. 30-35 only) | 7 |
| 2 | Excerpt from Browett's Answering Brief (pp. 15-17 only) | 4 |

Reno City Attorney
P.O. Box 1900
Reno, NV 89505